# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 9, 2016

## STATE OF TENNESSEE v. ROBERT GUERRERO

### Appeal from the Circuit Court for Maury County
#### No. 17884     Stella L. Hargrove, Judge

_____

### No. M2016-00481-CCA-R3-CD – Filed June 5, 2017

_____

Defendant, Robert Guerrero, appeals from the trial court's summary denial of his Motion for Correction of Illegal Sentence filed pursuant to Tennessee Rule of Criminal Procedure (Tenn. R. Crim. P.) 36.1. In his motion and on appeal, Defendant asserts that his nine consecutive fifteen-year sentences for nine convictions of attempted first degree murder are illegal. He asserts that by imposing consecutive sentencing, the trial court failed to base its ruling on at least one of seven criteria found in Tennessee Code Annotated (T.C.A.) section 40-35-115. After a thorough review, we affirm the judgment of the trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Robert Guerrero, Only, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial, Defendant was convicted of two counts of first degree murder and nine counts of attempted first degree murder. He was sentenced to life imprisonment for each conviction of first degree murder, and these two sentences were ordered to be served consecutively to each other and consecutively to the nine fifteen-year sentences set forth above. His effective sentence was therefore two life sentences plus 135 years. He appealed, and this Court affirmed the judgments. *State v. Robert A. Guerrero*, No. M2008-02839-CCA-R3-CD, 2011 WL 2306078 (Tenn. Crim. App. 2011),

*perm. app. denied* (Tenn. Sept. 21, 2011). One of the issues raised by Defendant in his direct appeal was that the trial court erred by imposing consecutive sentencing. *Robert A. Guerrero*, 2011 WL 2306078 at *1. Defendant's challenge to consecutive sentencing in that appeal was that the trial court failed to make sufficient factual findings to support its conclusion that Defendant was a "dangerous offender," one of the seven bases to impose consecutive sentencing pursuant to T.C.A. § 40-35-115. *See id.* at *16; *see* T.C.A. § 40-35-115(b)(4).

This Court reviewed detailed portions of the trial court's ruling and concluded that even if the trial court erred by finding Defendant was a dangerous offender, the record showed, and Defendant conceded, that the trial court correctly found that he was on probation at the time he committed the offenses for which consecutive sentencing was imposed. *Robert A. Guerrero*, 2011 WL 2306078 at *17. The trial court concluded that this was an additional statutory factor pursuant to T.C.A. § 40-35-115(b)(6) which justified consecutive sentencing, and this Court agreed. *Robert A. Guerrero*, 2011 WL 2306078 at *17.

Defendant admits in the case *sub judice* that consecutive sentencing was appropriate for the two life sentences. However, he asserts in his Rule 36.1 motion and on appeal that the trial court "was without statutory authority" to impose consecutive sentencing for the attempted first degree murder convictions. He argues that the trial court's sole basis for ordering the challenged consecutive sentences was a finding that "to do any less than to run these consecutive with each other and with the two life sentences would be depreciating the life of either one of the deceased, or the lives of one of these victims."

Defendant's argument is misplaced as the quoted portion of the trial court's ruling is taken out of context. In the direct appeal, as noted above in our discussion of this Court's opinion, the trial court found that consecutive sentencing was justified pursuant to T.C.A. § 40-35-115(b)(6) due to Defendant being on probation when he committed the offenses. We held that ground justified consecutive sentencing for the attempted first degree murder convictions. *Id.*

At the time Defendant filed his motion, and the trial court denied it, Tenn. R. Crim. P. 36.1 provided in pertinent part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not

authorized by the applicable statutes or that directly contravenes an applicable statute.

. . . .

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

Rule 36.1 has since been amended, effective July 1, 2016, but the amended rule would still not grant relief to Defendant.

In *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015), filed before Defendant filed his Rule 36.1 motion, our supreme court concluded that the definition of an "illegal sentence" in Rule 36.1 is the same as the definition of an "illegal sentence" for purposes of habeas corpus proceedings as set forth in *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011). *Wooden*, 478 S.W.3d at 594-95. Relying on *Cantrell*, the court in *Wooden* listed three types of sentencing errors: clerical errors, appealable errors, and fatal errors. *Wooden*, 478 S.W.3d at 595. Clerical errors are the result of a simple mistake in filling out information in the judgment document, *id.*, such as a typographical error. Where the sentencing statutes provide for a right to a direct appeal to the sentencing decision, that would be an appealable error, generally where the sentence imposed is authorized by statute, but the methodology or the underlying stated reason(s) for imposing the sentence is challenged. *Id*.

Finally, for a sentence to be considered an "illegal sentence," it must be the result of a fatal error, which renders a sentence illegal and void. *Id*. "This category consists of any sentence 'that is not authorized by the applicable statutes or that directly contravenes an applicable statute.'" *Id*. Defendant has made the same misplaced argument that countless other defendants have made when pursuing relief under Rule 36.1. Defendant has reasoned that since the trial court did not (in his interpretation) specifically use one of the seven grounds authorized by T.C.A. § 40-35-115 to justify consecutive sentencing, then the consecutive sentences were "not authorized by the applicable statutes or [ ] directly contravene[d] an applicable statute." *See id.* It is correct that if his erroneous assertion of the basis for the trial court's imposing consecutive sentences was accurate, the methodology and reason for imposing the consecutive sentences would have been error. However, on the face of the judgment, consecutive sentences for nine convictions of attempted first degree murder, in and of itself, are not in contravention of any statute. Furthermore, consecutive sentencing for Defendant's convictions is authorized.

In any event, it is clear from a review of the trial court's ruling that the statutory authority to order consecutive sentencing in Defendant's case was justified because he

was on probation when he committed the offenses, T.C.A. § 40-35-115(b)(6), and that this was a valid reason for all sentences being ordered to be served consecutively, and not just the two life sentences.

Defendant also argues in his brief that he is entitled to relief because the trial court included within its order denying his Rule 36.1 motion language that the motion was frivolous. That language was superfluous. He also correctly notes that the trial court's order only mentions that the consecutive sentence for the two life sentences was affirmed in the direct appeal. However, the trial court specifically stated that the motion was denied because Defendant failed to state a claim for which relief can be granted. As evidenced by our discussion, the consecutive sentences were lawfully imposed by statutory authority pursuant to this Court's ruling in the direct appeal from the convictions. Defendant failed to state a claim for which relief could be granted. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE